[Civ. No. 27198. Second Dist., Div. Two. Mar. 2, 1964.]

FRANK MERCURI, Plaintiff and Respondent, v. GEORGE FRANK LIGAR, Defendant and Appellant.

John Joseph Hall for Defendant and Appellant.

Leland, Plattner & Kalik and Richard A. Klein for Plaintiff and Respondent.

ROTH, J.— Respondent (Mercuri) on this appeal had prior to the commencement of the pending proceeding lost an arbitration award on May 23, 1962, in favor of appellant (Ligar). The trial court, pursuant to petition of Mercuri to vacate the award, filed on August 30, 1962, did on October 3, 1962, in a default hearing vacate said award. On December 3, 1962, Ligar filed a notice of appeal from the judgment, predicated on the ground that he had not been served as required by law and had not otherwise appeared in the action.

Section 1290.4 of the Code of Civil Procedure provides that if an arbitration agreement does not set forth the manner in which the service of a copy of a petition and written notice of time and place thereof to confirm or vacate an award shall be made, then service of said papers shall ". . . be made in the manner provided by law for the service of a summons in an action." (§ 1290.4, subd. (b)(1).) Section 411 of the Code of Civil Procedure provides that service of a summons and complaint in a civil action shall be made personally on the defendant.

The proceeding to confirm or vacate an award is purely statutory. Provision for service of the initiating papers are express and certain.

It is undisputed in this case that the arbitration agreement did not specify upon whom service of the papers in question were to be made. It is also undisputed that Ligar was never personally served, and that John Joseph Hall who represented him in the arbitration proceeding, was not authorized to accept service of the petition and notice.

The clerk's transcript contains a declaration of Richard A. Klein, one of the attorneys for Mercuri, that he did on August 29, 1962, serve Appellant Ligar ". . . by said Petition being mailed on said [appellant's] attorney of record, John Joseph Hall . . . ." It appears that the petition was heard by default on October 3, 1962, and that on October 9, 1962, Mr.

Klein transmitted a notice of ruling on the petition for order vacating award of arbitration to ''George Frank Ligar and to his attorney, John Joseph Hall,'' which notice advised that Mercuri's petition had been granted on October 3, 1962.

Other than the recitals made by Klein, and the fact that the notice of appeal is signed by John Joseph Hall, there is nothing in the record on appeal to show that John Joseph Hall, referred to by Klein, was Ligar's attorney when the pending proceeding was commenced.

Implicit in the facts recited is the probability that John Joseph Hall represented Ligar in the arbitration hearing, held prior to the pending proceeding and that Mr. Klein assumed that by reason of that representation, Hall would continue to represent Ligar in the proceeding to vacate initiated on behalf of Mercuri. Plausible as this assumption may be, we are not permitted to substitute plausibility for the express terms of the statute.

The judgment is reversed.

Herndon, Acting J.P., and Kincaid, J. pro tem.,* concurred.

---

*Retired judge of the superior court sitting pro tempore under assignment by the Chairman of the Judicial Council.