Filed 11/15/23  Rome & Associates v. Moi CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| ROME & ASSOCIATES, A.P.C., et al.,<br><br>    Plaintiffs and Respondents,<br><br>    v.<br><br>PATRIZIO MOI,<br><br>    Defendant and Appellant. | B322725<br><br>(Los Angeles County<br>Super. Ct. No. 22STCP00648) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael L. Stern, Judge.  Affirmed.

Law Offices of Jeff Mann and Jeff A. Mann for Defendant and Appellant.

Rome, Eugene Rome, Brianna Dahlberg, and Andrew Keyes for Plaintiffs and Respondents.

_____

Patrizio Moi appeals from a judgment confirming an arbitration award, contending the petition to confirm the award was premature and his motion to quash notice of the petition and his own petition to vacate the award were erroneously denied. We disagree with each contention, and therefore affirm the judgment.

## BACKGROUND

### A.      Agreement

In 2019, Moi, Jabari McDavid and Jabari's Inc. (the Jabari parties will be referred to as "Jabari"; Moi and Jabari are collectively the "Clients") entered into a legal representation agreement with Rome & Associates, A.P.C. (the Firm) to represent them in a lawsuit.

The agreement provided, "The Clients agree to pay [the Firm] on an hourly basis for services rendered."  "With respect to the fee allocation between Moi . . . and [Jabari]," the agreement provided that "the Clients agree that all work will be performed for both sets of Clients.  Consequently, it is anticipated that [fees and expenses] will be split on a 50/50 basis between Moi and [Jabari] . . . .  However, in the more rare situation where a litigation event concerns only one party, e.g.[,] a Motion for Summary Judgment as to Moi's claims only, then, in that situation and in the good faith determination by [the Firm], the entirety of fees incurred in connection with that event shall be apportioned to the concerned party . . . ."

The agreement provided that any dispute between the parties would be resolved by binding arbitration.

2

**B.** **Arbitration**

**1.** **Arbitration Proceedings**

After the representation ended, Moi commenced an arbitration proceeding before the Los Angeles County Bar Association (LACBA), seeking recovery of certain attorneys' fees and costs from Eugene Rome, the Firm's principal, that had been billed by the Firm.

The Firm counterclaimed against Moi and Jabari for recovery of unpaid fees and costs, alleging claims for breach of written contract, open book account, and quantum meruit. Moi, Jabari, Rome, and the Firm all agreed to binding arbitration.

Shortly before arbitration, the Firm disclaimed any recovery against Jabari.

The arbitration was held on November 16, 2021.

The Firm claimed it billed the Clients $203,891.83, for which they were jointly and severally liable, but Moi paid only $85,925 and owed the balance of $117,966.83.

Moi claimed that all fees were to be split 50-50 between him and Jabari. He also claimed the Firm's billing was excessive, and he should have been billed only $70,907 and was owed the $15,018 he overpaid.

The primary issue was whether Moi was obligated to pay 100 percent or only 50 percent of the fees owed to the Firm.

The arbitration panel found that the Firm should have charged only $191,367.83, which should have been paid half by Moi and half by Jabari. Moi had already paid $85,975, leaving a

balance of $105,392.83 owing. The panel determined that Moi owed 50 percent of this balance, or $52,696.42.[1]

The panel credited Moi for half of a $8,259.78 filing fee it thought he had paid, $4,129.89, resulting in an award of $48,566.53, payable solely by Moi.

On January 5, 2022, the LACBA issued an award in the amount of $48,566.53, payable solely by Moi.

On January 19, the LACBA issued and served by mail a corrected award in the amount of $50,196.42, payable only by Moi.

## 2. Post-Arbitration Emails

After service of the original award, Moi initiated an email exchange with the arbitration panel. We take the following facts from Moi's motion to admit those emails into evidence on appeal, *post*.

On January 14, 2022, Moi emailed the arbitration panel, with copies to other interested parties, requesting that the award be amended to reflect Jabari's indebtedness to the Firm. He argued that the panel's determination that Jabari owed half of the Firm's fees should apply not only to the balance owing but also to the $85,975 Moi had already paid, which should reduce the award against Moi by half of that amount, $42,987.50.

Also in the email, Moi informed the panel that he paid $5,000 for the filing fee, not $8,259.78.

---

[1] We note the seeming divergence between the panel's findings—that Moi and Jabari were each responsible for half of the Firm's fees—and its award, which essentially disregarded Moi's prior payment. In emails we discuss below, Moi complained to the panel that the award effectively assessed him 72 percent of the fees. The panel twice reaffirmed its calculation.

4

On January 17, 2022, the arbitration panel emailed the parties indicating it had considered Moi's January 14 email and reviewed the reward. After review, the panel left the allocation in place but reduced Moi's filing fee credit from $4,129.89 to $2,500 to reflect that Moi paid only a $5,000 filing fee, not $8,259.78. (This occasioned the increased award, *ante*.)

On February 18, 2022, Moi emailed Eugene Rome, with copies to the panel, arguing Jabari's 50 percent responsibility for the Firm's fees "applied from the date of the retainer agreement . . . not from the date of the fee dispute." He also argued the award should be against Moi Productions, Inc., which had contracted with the firm, not against Moi himself.

On February 22, 2022, the panel, responding to Moi's February 18 email, found there was no miscalculation in the award and stated there should be no further contact between the parties and the panel.

## C. Litigation

### 1. The Firm's Petition to Confirm and Judgment

On February 24, 2022, the Firm filed a petition to confirm the award in the Los Angeles County Superior Court.

The Firm served the petition on Moi through his attorney, Brian Trinidad, and sent a courtesy copy of it to Trinidad himself. Trinidad informed the Firm that he no longer represented Moi "in reference to the petition to confirm fee award."

Moi filed no opposition to the Firm's petition to confirm the arbitration award but on March 29, 2022, filed by special appearance a "Motion to Quash Alleged Service of Notice of Petition," arguing service via Trinidad was improper because he had retained Trinidad only for limited purposes and had not authorized him to accept service of the Firm's petition.

5

The hearing on the Firm's petition to confirm the award and Moi's motion to quash was held on June 2, 2022. The minute order reflects Moi's "appearance" by attorney Michael Sayer. After the hearing, the trial court "overruled" Moi's motion to quash and granted the Firm's petition to confirm the award. The hearing was not transcribed and no settled statement was requested or prepared.

Later in the evening on June 2, 2022, Moi filed a petition to correct the arbitration award.

On June 9, 2022, the court entered judgment in the amount of $50,196.42 in favor of the Firm and against Moi, with interest at 10 percent per year from January 17, 2022.

### 2. Post-Judgment Proceedings

On June 16, 2022, Moi filed an ex parte application to stay enforcement of the judgment pending the hearing on Moi's petition to correct the award. The trial court denied the application on the ground that it no longer had jurisdiction over the matter.

On August 4, 2022, Moi's June 2 petition to correct the arbitration award came on for hearing. Finding it lacked jurisdiction to hear the petition after judgment had been entered, the court denied the petition. The hearing was not transcribed but a settled statement was prepared.

Moi appeals.

6

## DISCUSSION

### A.    Timeliness of the Firm's Petition

### 1.    Moi Forfeited any Claim that the Firm's Petition was Untimely by Failing to Object on this Ground Below

Moi contends the trial court erred in entertaining the Firm's petition (filed February 24, 2022) to confirm the arbitration award because it was filed too soon after the arbitration panel's February 22, 2022 response to his second email.  We reject the contention.

Pursuant to Code of Civil Procedure section 1285, any party to an arbitration in which an award has been made may petition the court to "confirm, correct or vacate the award."[2]  "Once a petition to confirm an award is filed, the superior court must select one of only four courses of action:  It may confirm the award, correct and confirm it, vacate it, or dismiss the petition." (*EHM Productions, Inc. v. Starline Tours of Hollywood, Inc.* (2018) 21 Cal.App.5th 1058, 1063 (EHM).)  " '[I]t is the general rule that, with narrow exceptions, an arbitrator's decision cannot be reviewed for errors of fact or law.' [Citation.]  Under section 1286.2, the court may vacate the award only under ' "very limited circumstances." ' [Citation.]  Neither the trial court, nor the appellate court, may 'review the merits of the dispute, the sufficiency of the evidence, or the arbitrator's reasoning, nor may we correct or review an award because of an arbitrator's legal or factual error, even if it appears on the award's face.  Instead, we

---

[2] Undesignated statutory references will be to the Code of Civil Procedure.

7

restrict our review to whether the award should be vacated under the grounds listed in section 1286.2." (*Id*. at pp. 1063-1064.)

We review confirmation of an arbitration award de novo. (*Advanced Micro Devices, Inc. v. Intel Corp*. (1994) 9 Cal.4th 362, 376, fn. 9.) "If the trial court's ruling relies on a determination of disputed factual issues, we apply the substantial evidence test on those particular issues. [Citation.] Where error is shown, this court may not set aside the order unless the error prejudiced the appellant. (Cal. Const., art. VI, § 13; Code Civ. Proc., § 475.)" (*EHM*, *supra*, 21 Cal.App.5th at p. 1063.)

Here, Moi never objected to the trial court that the Firm's petition to confirm the arbitration award was premature. He therefore forfeited his right to raise this challenge on appeal. (See *In re Carrie W.* (2003) 110 Cal.App.4th 746, 755 ["An appellate court will ordinarily not consider procedural defects or erroneous rulings, in connection with relief sought or defenses asserted, where an objection could have been but was not presented to the [trial] court by some appropriate method"].)

2.      **The Firm's Petition was Timely**

On the merits, the Firm's petition was timely.

Section 1288.4 provides that no petition to confirm, correct or vacate an arbitration award "may be served and filed . . . until at least 10 days after service of the signed copy of the award upon the petitioner."

"If an application is made to the arbitrators for correction of the award, the date of the service of the award . . .  shall be deemed to be" 30 days after service of the award or the date of service of a correction of the award or denial of the application, whichever is earlier. (§ 1288.8.)

8

Here, the corrected arbitration award was served on January 19, 2022. The Firm filed its petition to confirm the award on February 24, 2022, more than 10 days later. Therefore, the petition was timely.

Moi claims that his emails of January 14 and February 18, 2022, constituted applications for correction of the award, which under section 1288.8 triggered new dates for service of the award. Therefore, he argues, section 1288.4 prevented the Firm from filing a petition to confirm the award until ten days after the panel's February 22 response to his February 18 email. We disagree.

First, the emails upon which Moi relies were not presented to the trial court and are not the record on appeal. Moi offers the emails for the first time in a request for judicial notice on appeal and a motion for leave to produce documentary evidence on appeal. We deny the request and motion.[3]

---

[3] Moi requests that we take judicial notice, augment the record, or make a factual determination under section 909, so that the record in these proceedings will include the emails he exchanged with the arbitration panel but not presented to the trial court, in order to demonstrate that the Firm's petition to confirm the arbitration award was premature. "Augmentation does not function to supplement the record with materials not before the trial court. [Citations.] Reviewing courts generally do not take judicial notice of evidence not presented to the trial court. Rather, normally 'when reviewing the correctness of a trial court's judgment, an appellate court will consider only matters which were part of the record at the time the judgment was entered.'" (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3.)

No exceptional circumstances exist that would justify deviating from that rule, either by taking judicial notice or

Even were we to consider Moi's post-award email exchange with the panel, and even assuming his emails of January 14 and February 18 constituted applications to correct the award and triggered a new date for service of the award under section 1288.8, Moi suffered no prejudice.

Moi's second application to correct the award was substantially the same as his first. In the first, he argued that the panel's determination that Jabari owed half of the Firm's fees should apply not only to the balance owing but also to the amount Moi had already paid, which should reduce the award against Moi by half of the amount he paid. In the second email, Moi argued that Jabari's 50 percent liability for the Firm's fees should be applied from the time of the retainer agreement, not the time of the fee dispute.

The Panel ruled on Moi's first application to correct the award on January 17, 2022, correcting the award upward. The Firm complied with section 1288.4 by filing its petition to confirm the award more than ten days after this ruling.

The panel denied Moi's second application to correct the award on February 22, 2022.

The Firm filed its petition only two days later, on February 24, but Moi's second application to correct the award was substantially the same as the first, triggering no new date for service of the award under section 1288.8. In any event, the hearing on the petition did not occur until June 2, 2022, giving Moi time to prepare an opposition. Moi filed no opposition.

---

exercising the power to take evidence under section 909. The request and motion are denied.

Moi offers no explanation how the Firm waiting an additional eight days, until March 4, 2022, before filing its petition would have made any difference. He does not claim, for example, that he had insufficient notice or time to understand the implications of the award and formulate a challenge to it, either to oppose the petition or to file his own petition to vacate the award.

Because Moi was not prejudiced by the alleged error, the trial court's order may not be reversed. (See *EHM*, *supra*, 21 Cal.App.5th at p. 1063.)

Moi argues he need not show prejudice because the court's error was structural and jurisdictional, i.e., the trial court lacked jurisdiction to rule upon the Firm's petition because it was premature. Moi offers no legal authority in support of the proposition that the 10-day waiting period of section 1288.4 is jurisdictional. He has therefore forfeited the argument.

In any event, the 10-day waiting period of section 1288.4 is not jurisdictional.

"[W]e apply a 'presumption that statutes do not limit the courts' fundamental jurisdiction absent a clear indication of legislative intent to do so.' [Citations.] This approach reflects ' "a preference for the resolution of litigation and the underlying conflicts on their merits by the judiciary." ' [Citations.] To be sure, mandatory procedural rules—like many statutes of limitations or other filing deadlines—serve important policy goals, and courts must enforce them when properly raised. [Citation.] But we will not assume that the Legislature intended to imbue a time bar with jurisdictional consequences merely because the statute speaks in mandatory terms; as we have said, 'jurisdictional rules are mandatory, but mandatory rules are not

11

necessarily jurisdictional.' [Citations.] To establish that a particular filing deadline is jurisdictional, more is required. Much as the high court has said of Congress, our Legislature 'must do something special, beyond setting an exception-free deadline, to tag a statute of limitations as jurisdictional' in the fundamental sense." (*Law Finance Group, LLC v. Key* (2023) 14 Cal.5th 932, 950 [holding that the timing mandate of section 1288.2 is not jurisdictional].)

For example, section 1288.2, which prescribes the time limit for responding to a petition to confirm an arbitration award, "speaks only to obligations of the litigants and makes no reference at all to the power of the courts—in other words, the section reads as an ordinary statute of limitations," not a jurisdictional prescription. (*Law Finance Group, LLC v. Key*, *supra*, 14 Cal.5th at p. 950.) Sections 1288.2 and 1288.4 both appear in Article 2 ("Limitations of Time") of Chapter 4 ("Enforcement of the Award") of the California Arbitration Act. Our Supreme Court's holding that the limitation prescribed in the former is not jurisdictional applies equally to that prescribed in the latter.

**B.    Moi Fails to Show the Court Erred in Denying his Motion to Quash**

Moi argues the trial court erred in overruling his motion to quash service of the Firm's petition because it was served only on Trinidad, who although engaged by Moi for the arbitration had no authority to receive the petition on Moi's behalf. We disagree.

Service of a petition to confirm an arbitration award is "in the manner provided in the arbitration agreement for the service of such petition and notice" or, "[i]f the arbitration agreement does not provide the manner in which such service shall be made

12

. . . [,] [¶] . . . Service within this State shall be made in the manner provided by law for the service of summons in an action." (§ 1290.4.)  Sections 415.10 and 415.40 require that "a copy of the summons and of the complaint [is sent] to the person to be served."  In a proceeding to confirm or vacate an arbitration award, service on the attorney who may have represented a party in arbitration but was not authorized to accept service in court proceedings is insufficient.  (*Mercuri v. Ligar* (1964) 225 Cal.App.2d 240, 241.)

But "[a] general appearance operates as a consent to jurisdiction of the person, dispensing with the requirement of service of process, and curing defects in service."  "A general appearance occurs when the defendant takes part in the action or in some manner recognizes the authority of the court to proceed." (*Dial 800 v. Fesbinder* (2004) 118 Cal.App.4th 32, 52.)  This rule "applies to one who appears in a lawsuit after defective service of process upon him . . . ." (*De Luca v. Board of Supervisors* (1955) 134 Cal.App.2d 606, 609.)  A party who appears and argues at a hearing, never requests a continuance of the hearing, and never claims prejudice by reason of insufficient notice or service is deemed to have waived any claim of inadequate service or notice assuming.  (*Carlton v. Quint* (2000) 77 Cal.App.4th 690, 697-698.)

Here, because the joint hearing on the Firm's petition to confirm the award and Moi's motion to quash was not transcribed, and no settled statement was requested, Moi provides no adequate record to affirmatively show error.  (See *In re Marriage of Deal* (2020) 45 Cal.App.5th 613, 622 ["Under well-established rules of appellate procedure, . . . the appellant . . . has the burden to provide an adequate record on appeal and to affirmatively show error"]; see also *Hotels Nevada, LLC v. L.A.*

13

*Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348 [" 'Failure to provide an adequate record on an issue requires that the issue be resolved against [the] appellant"].)  We do not know, for example, that Moi's counsel made only a special as opposed to general appearance at the June 2, 2022 hearing to contest the Firm's petition, or what was discussed.  We do not know whether the trial court believed Moi's representation that Trinidad was unauthorized to represent him in court proceedings.  And we do not know whether Moi's attorney argued substantively at the hearing, requested a continuance, or claimed prejudice by reason of insufficient notice or service.  We must therefore presume the trial court's denial of Moi's motion to quash—either due to insufficient proof or waiver—was correct.

## C. The Court Lacked Jurisdiction to Consider Moi's Petition to Correct the Award

Moi argues the trial court erred in denying his petition to correct the arbitration award.  We disagree.

"[E]ntry of judgment ordinarily terminates a trial court's jurisdiction to rule on the merits of a case."  (*Ballona Wetlands Land Trust v. City of Los Angeles* (2011) 201 Cal.App.4th 455, 479.)  "Once judgment has been entered . . . the court may not reconsider it and loses its unrestricted power to change the judgment."  (*APRI Ins. Co. S.A. v. Superior Court* (1999) 76 Cal.App.4th 176, 181.)

Here, once the court entered judgment on June 9, 2022, it lacked jurisdiction to change that judgment in response to Moi's petition, filed June 2, 2022.

Moi argues the judgment did not deprive the court of jurisdiction because it is void for reasons he asserts on appeal.

14

But for reasons discussed above, we conclude the judgment is not void.

## D.    Attorney Fees on Appeal

The Firm requests that we award it attorney fees incurred on appeal pursuant to Business and Professions Code section 6203.  We will leave that decision to the trial court.  (See Bus. & Prof. Code, § 6203, subd. (c) ["a court confirming . . . an award under this section may award to the prevailing party reasonable fees and costs incurred in obtaining confirmation . . . , including, if applicable, fees and costs on appeal"].)

## DISPOSITION

The judgment is affirmed.  Respondents are to recover their costs on appeal.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

BENDIX, Acting P. J.

WEINGART, J.

15